UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ADAM JEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:11-cv-00195-NT |
| | ) |
| LINCARE, INC., | ) |
| | ) |
| Defendant | ) |

**ORDER RE: PLAINTIFF'S MOTION
FOR A LIMITED PROTECTIVE ORDER
DOCKET NO. 18**

This dispute concerns when, not if, the attorney for the plaintiff must provide defendant's counsel with a copy of an audio recording made surreptitiously by the plaintiff prior to his discharge from employment. I agree with counsel for the defendant that the analysis of this motion does not depend upon my decision in Gerber, et. al. v. Down East Community Hospital, et al., 266 F.R.D. 29 (Me. 2010), because that decision in Gerber had nothing to do with this immediate issue, but addressed other issues related to a claim of work product privilege and a privilege log that arose during a lengthy and extremely contentious discovery phase. The disputed items in the Gerber published opinion were email communication chains and electronic documents (notes) created by plaintiffs while talking with potential nonparty witnesses and furnished to their own counsel only. My decision and prior analysis in Gerber, such as it is, relating to the production of audio recordings prior to depositions, is found at Gerber v. Down East Community Hospital, No. 1:09-cv-351-JAW (Docket No. 41). To the best of my knowledge that Report of Telephone Conference and Order has never been published in any reporter, although Judge Rich did discuss it in his own case Manske v. UPS Cartage Services, Inc., 2011 WL 322002, *1 (De. Me. 2011). The only connection between the audio tapes issue

and the published decision is that both items were discussed at the same telephone conference and a review of the report of that conference indicates that the privilege log issue was reserved, further briefing required, and ultimately the published decision appeared.   Additionally, Judge Rich considered by analogy the work product analysis I had undertaken in Gerber to relate to the issue then before him related to audio recordings.  Id., at *3-4.  The issue of attorney work product is not the subject of this dispute and I do not understand plaintiff to be asserting that the work product privilege applies.

      The defendant in this case has conceded that the recorded witness statement "constitutes substantive evidence as a statement by a party opponent." (Response, Doc. No. 21, at 2.)  The issue of whether the potential to use the recorded conversations as substantive evidence distinguishes it under Rule 26(b)(3)(C)(ii) from the musings of Magistrate Judges Kravchuk and Rich is an interesting question.  However, setting aside whatever conclusions Judge Rich and I may have reached regarding limited protective orders relating to impeachment evidence, a District Judge in this District has noted that "[c]ourts have widely determined that delaying production until after depositions is the preferred solution when evidence could potentially have both substantive and impeachment value."   Manske v. UPS Cartage Services, Inc., 789 F.Supp.2d 213, 217 (D.Me. 2011)(quoting 8 Wright & Miller § 2015).   Even the principal case relied upon the defendants, Pro Billiards Tour Ass'n., Inc. v. R.J. Reynolds, 187 F.R.D. 229, 231 (M.D.N.C., 1999), acknowledges that "[c]ourts which have noticed the presence of substantive elements in otherwise impeaching evidence may still delay production until after a deposition which fixes a party's testimony and preserves the impeachment value of the evidence."

      Given the acknowledged fact that there are differing views on this issue, I refuse to endorse the notion that one iron clad rule will govern every case.  However, defendants have not

presented any compelling reason why I should deny this request and decline to follow the route taken in the <u>Manske</u> case. Therefore plaintiff's motion for a limited protective order is GRANTED. Immediately following the deposition of McGraw, plaintiff shall provide a copy of the audio recording to the defendant.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*
December 14, 2011                                         /s/ Margaret J. Kravchuk
                                                          U.S. Magistrate Judge